RECEIVED
BY: _____
JUN 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALVARADO MASION, JR. | CIVIL ACTION NO. 06-1008 |
| versus | JUDGE HICKS |
| LIBERTY MUTUAL INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Plaintiff filed a personal injury suit in state court, and three of the defendants filed a notice of removal based on an assertion of diversity jurisdiction. Plaintiff is alleged to be a citizen of Louisiana. The notice of removal specifically alleges the citizenship of an individual defendant and two corporate defendants. None of those three defendants share Plaintiff's Louisiana citizenship.

There is a question, however, regarding the citizenship of a fourth defendant: Genesis Crude Oil, L.P. The notice of removal asserts that Genesis is a limited partnership whose partners are Genesis Energy, Inc. (a Delaware corporation with its principal place of business in Texas) and Genesis Energy, L.P. The partners in Genesis Energy, L.P. are general partner Genesis Energy, Inc. and an unknown number of limited partners who purchased their interests through the American Stock Exchange. Defendants represent that Genesis Energy, L.P. is not a typical partnership but is a publicly traded legal entity whose investors are akin to shareholders and whose identities constantly change based on public transactions. Defendants urge, therefore, that Genesis Energy, L.P. be deemed a citizen of the State of

Delaware (presumably the state under whose laws the entity was formed) and Texas (where the entity allegedly has its principal place of business).

This court has an obligation to examine the basis for its subject matter jurisdiction. The Supreme Court held in Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990) that diversity of citizenship when a limited partnership is a party must consider the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. Although the Supreme Court has not addressed the issue of multi-tiered partnerships or other unincorporated associations, the lower courts have consistently held that when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. See, e.g. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002) and Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346 (7th Cir. 2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships").

Tracing the layers of citizenship is often complex in multi-tiered entities, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities. The courts have also declined to accept a different rule for limited partnerships which have thousands of limited partners who acquired their interest through public trading. See Watkins v. Terminix International Company, L.P., 976 F.Supp. 1397 (D. Kan. 1997) (lower level partnership had a number of limited partners who were public investors who

acquired shares through the New York Stock Exchange and whose identity changed every day; case remanded for lack of diversity); Magnolia Management Corp. v. Quest Rescue Partners-8, L.P., 792 F.Supp. 45 (S. D. Miss. 1992) (two-tiered limited partnership that included a partner that was a limited partnership whose more than 3,000 limited partners acquired their interest on the American Stock Exchange shared citizenship of every one of those investors); Cerberus Partners, L.P. v. Gadsby & Hannah, 976 F.Supp. 119 (D. R.I. 1997) (citizenship of non-diverse members of a third-tiered entity had to be considered despite their minuscule ownership interest). Similar decisions are cited within those decisions.

Defendants have not cited any authority that supports a different approach. To ensure the presence of diversity jurisdiction and avoid remand, Defendants must file an **Amended Notice of Removal** by **July 14, 2006** that identifies all relevant partners or members and specifically alleges the citizenship of each. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996); Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction 3d § 3723 at n. 15.

Defendants make an alternative argument in their notice of removal that Genesis Crude Oil, L.P. was improperly or fraudulently joined because it is not the employer of the individual defendant. If Defendants are unable to establish by an amended notice of removal that Genesis Crude Oil, L.P. is diverse in citizenship from the Louisiana plaintiff, the

fraudulent joinder issue will remain for resolution. Plaintiff's petition squarely alleges that the individual tortfeasor was acting in the course and scope of his employment with Genesis Crude Oil, L.P. at the time of the accident, so the improper joinder plea probably cannot succeed unless the defendants pierce the pleadings and demonstrate that the allegation is wrong. See Guillory v. PPG Industries, Inc., 434 F.3d 303 (5th Cir. 2005)(setting forth relevant rules and standards for testing the plea). The parties are hereby granted leave of court to commence discovery with respect to the fraudulent joinder issue raised in paragraph 4 of the notice of removal so that, if necessary, the fraudulent joinder issue may be tested and resolved in an early stage of this litigation.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 16th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE